**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 27 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TOMAS HERNANDEZ-RIOS, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 19-72152 <br><br> Agency No. A206-349-659 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 14, 2023
San Francisco, California

Before: S.R. THOMAS and H.A. THOMAS, Circuit Judges, and RAKOFF,[**] District Judge.

Tomas Hernandez-Rios petitions for review of an order of the Board of

Immigration Appeals (BIA) denying his motion to reopen based on ineffective

assistance of counsel. We have jurisdiction under 8 U.S.C. § 1252. We review a

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

denial of a motion to reopen for abuse of discretion, and reverse only if the BIA "acts arbitrarily, irrationally, or contrary to the law, and when it fails to provide a reasoned explanation for its actions." *B.R. v. Garland*, 26 F.4th 827, 835 (9th Cir. 2022). We deny the petition for review.

1.     The BIA did not abuse its discretion when it held that Hernandez-Rios had not established ineffective assistance of counsel with respect to his cancellation of removal claim. A claim of ineffective assistance of counsel requires a showing of inadequate performance by counsel. *See Guan v. Barr*, 925 F.3d 1022, 1033 (9th Cir. 2019). Hernandez-Rios failed to make that showing, as the record reflects that prior counsel adequately inquired about and provided evidence of hardship to Hernandez-Rios' daughters. *Cf. Lin v. Ashcroft*, 377 F.3d 1014, 1026–27 (9th Cir. 2004) (holding that counsel performs inadequately when counsel's performance rendered the proceeding "so fundamentally unfair that [petitioner] was prevented from reasonably presenting his case").

2.     While Hernandez-Rios has adequately alleged that he was not properly advised about voluntary departure, he cannot show that the BIA acted "arbitrarily, irrationally, or contrary to the law" with respect to this claim. *See B.R.*, 26 F.4th at 835. Hernandez-Rios concedes that he informed prior counsel that he did not wish to voluntarily depart, and—despite ample opportunity to do so in his declaration and during oral argument—has not otherwise asserted that he would

2

consider departing.

3.      The BIA did not err in rejecting Hernandez-Rios' jurisdictional argument. "[T]he failure of [a Notice to Appear] to include time and date information does not deprive the immigration court of subject matter jurisdiction . . . ." *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1188 (9th Cir. 2022) (en banc), *cert. denied*, 143 S. Ct. 755 (2023).

**PETITION DENIED.**